UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Herman Donald McKnight, #132919,<br><br>     Petitioner,<br>vs.<br><br>Warden, Lee Correctional Institution<br><br>     Respondent. | Civil Action No.: 5:14-cv-3214-BHH<br><br>**Opinion and Order** |

  Petitioner, Herman Donald McKnight, ("Petitioner"), proceeding *pro se,* filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(d), D.S.C., the action was referred to United States Magistrate Judge Kaymani D. West, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge West recommends that Respondent's Motion for Summary Judgment be granted and Petitioner's § 2254 petition be dismissed. (ECF No. 41.) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## BACKGROUND

  Petitioner filed this action against Respondent alleging one ground of ineffective assistance of counsel with three subparts and one free-standing claim of judicial error. On January 20, 2016, the Magistrate Judge issued a Report; and on February 5, 2016, Petitioner filed his Objections. (ECF No. 43.) Having carefully reviewed the record, the Court finds that the Magistrate Judge has accurately and adequately summarized the disputed and undisputed facts relevant to this action. The Court has reviewed the

objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.[1]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

As explained above, Petitioner alleges both ineffective assistance of counsel and "judicial error" in Ground One of his § 2254 petition. (ECF No. 1 at 8.) His allegations of ineffective assistance of counsel are divided into three subparts. Petitioner alleges: (a) his trial counsel failed to call defense witnesses; (b) failed to

---

[1] As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge, incorporated entirely by specific reference, herein, to the degree not inconsistent. Exhaustive recitation of law and fact exists there.

bring to the trial court's attention discrepancies in the State witnesses' statements to the investigator and in their trial testimony; and (c) failed to present evidence that could have proved Petitioner was owner or part owner of the house where the shooting occurred. (*Id.*) The Magistrate Judge first found that subparts (a) and (b) of Ground One are procedurally defaulted and the Court agrees. (ECF No. 41 at 17.) She correctly noted that Petitioner failed to include these issues in his PCR application and did not raise them at the PCR hearing. (*Id.*) She further found that Petitioner could not overcome this procedural default because he had failed to show either cause or prejudice for the default, or that a miscarriage of justice would result from the lack of a review on the merits. (*Id.* at 18.)

      Here, Petitioner briefly objects that he is "in reality, innocent of manslaughter due to an accident. And a failure to consider all issues will and has resulted in a fundamental miscarriage of justice." (ECF No. 43 at 3–4.) However, to the extent Petitioner alleges an "actual innocence" claim, Petitioner has not offered any new evidence to suggest that he is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995) (finding that a claim of actual innocence must be supported "with new reliable evidence," and "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence"). Other than his assertion of actual innocence, Petitioner offers no argument as to how a miscarriage of justice will occur. Accordingly, the Court agrees with the Magistrate Judge that subparts (a) and (b) of Petitioner's ineffective assistance of counsel claim are procedurally barred.

The Magistrate Judge then found that subpart (c) of Ground One is also procedurally barred because although Petitioner included this issue in his PCR application, it was not raised to or ruled upon by the PCR court. (*Id.*) However, she found that an exception could exist under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), to the extent Petitioner appropriately raised this issue to the PCR court through his PCR application but PCR counsel failed to address the issue. (*Id.*) In *Martinez*, the Supreme Court held that when a state requires its defendants to raise ineffective assistance of trial counsel claims in initial-review collateral proceedings, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel was ineffective under *Strickland v. Washington*, 466 U.S. 886 (1984). 132 S.Ct. at 1320. In that limited circumstance, the habeas petitioner will be able to demonstrate cause to excuse his procedural default. *Id.*

The Magistrate Judge engaged in a thoughtful and comprehensive analysis to determine whether the *Martinez* exception applied in this case. She first discussed the evidence presented at trial on the issue of home ownership. (ECF No. 41 at 21.) Specifically, Petitioner's daughter testified that she owned one third of the house where the shooting occurred and the other two thirds belonged to her two sisters—one of whom had recently died. (ECF No. 32-1 at 130–31.) She further testified that both the victim and Petitioner would occasionally stay at the house. (*Id.* at 131–136.) The Magistrate Judge then included in the Report a portion of the trial transcript in which the trial judge questioned the relevance of this line of questioning to the proceedings.

(ECF No. 41 at 21–23; ECF No. 32-1 at 174–177.) During this questioning, the solicitor indicated that he thought it was important to establish ownership because a juror might assume that Petitioner had a right to shoot the victim because the victim was in Petitioner's house. (*Id.*)

The Magistrate Judge noted that trial counsel made a post-trial motion arguing that discharging a firearm into one's own home "may not necessarily be unlawful" because the statute regarding discharging a firearm into a dwelling was silent on the lawfulness issue as it pertained to ownership of the home. (ECF No. 41 at 23; ECF No. 32-3 at 15.) The Magistrate Judge also included a portion of trial counsel's closing argument, in which he addressed the issue of home ownership as it related to Petitioner's indictment of discharging a firearm into a dwelling house. (ECF No. 41 at 23; ECF No. 32-3 at 55.) Specifically, the trial counsel stated that he did not think it was relevant whether Petitioner owned the house into which he fired a gun. (*Id.*)

Upon review of the record, the Magistrate Judge concluded that the *Martinez* exception did not apply. She correctly stated that "Petitioner cannot show that his claim is a substantial claim of ineffective assistance of trial counsel under *Strickland* standards, that PCR counsel was objectively unreasonable in failing to raise it, and that, but for PCR counsel's errors, there is reasonable probability that Petitioner would have received relief on his claim that trial counsel was ineffective." (ECF No. 41 at 24.)

Here, Petitioner objects that had issue of home ownership been presented to the jury, "the outcome could have been different." (ECF No. 43 at 4.) However, he offers no compelling argument that PCR counsel erred in failing to raise this claim in

state court or that there is reasonable probability that Petitioner would have received relief on his claim that trial counsel was ineffective. Accordingly, the Court agrees with the Magistrate Judge that subpart (c) of Ground One is procedurally barred. Petitioner's objections are therefore overruled.

Finally, the Magistrate Judge found that Petitioner's free-standing claim of "judicial error" fails on the merits and the Court agrees. (ECF No. 41 at 25.) The petition alleges that the trial court erred in refusing to instruct the jury on involuntary manslaughter. (ECF No. 1 at 2.) Here, the Magistrate Judge correctly found that Petitioner was not entitled to an instruction on involuntary manslaughter as a matter of state law, and that the decision of the trial judge on this issue was not unreasonable. (ECF No. 41 at 25.)

Petitioner's remaining objections are only conclusory statements, meritless contentions, and arguments that the Magistrate Judge has already considered and rejected. (ECF No. 43.) Thus, the Court is tasked only with review of the Magistrate Judge's conclusions for clear error. Because the Court agrees with the cogent analysis by the Magistrate Judge, it need not discuss those same issues for a second time here. Therefore, the Court will overrule Petitioner's remaining objections.

## **CONCLUSION**

After a thorough review of the Report, the record, and the applicable law, the Court finds that Petitioner's objections are without merit. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts the Report and incorporates it herein. It is therefore ORDERED that

Respondent's motion for summary judgment (ECF No. 31) is GRANTED and Petitioner's § 2254 petition is DISMISSED *with prejudice*.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . .only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability. . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Cir. 2011). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

March 4, 2016
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.